UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11613-RWZ

HARRIET HOFFMAN

v.

TARGET CORPORATION,
d/b/a TARGET STORES, INC., *et al.*

MEMORANDUM OF DECISION

July 12, 2013

ZOBEL, D.J.

Plaintiff Harriet Hoffman injured herself by falling down the bottom few steps of a flight of stairs at a Target store. She alleges negligence on the part of defendant Jeffrey M. Brown Associates ("JMBA"), which managed the construction of the store; defendant Target Corporation ("Target"), doing business as Target Stores, Inc., which operates the store; and defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"), which processed Hoffman's claim as Target's third-party claims administrator. Defendants now move for summary judgment.

I.      **Background**

On February 16, 2009, Hoffman was shopping on the second floor of a Target store in Stoughton, Massachusetts. She was seventy-nine years old. After purchasing some hand towels, she began to leave the store by walking down a set of stairs to the ground floor. Both sides of the staircase had handrails; Hoffman was holding the

handrail on her left as she descended. About two steps from the bottom of the staircase, she lost her footing and fell. She was badly injured, suffering deep abrasions on her leg.[1]

Hoffman testified at her deposition that she did not know why she fell, except that she thought she slipped on the stair tread. She did not see any water, snow, dirt, or rubbish on the stair, or any cracks or problems with the stair tread that could have caused her fall.

Two Target security cameras, one in front of the staircase and one behind it, recorded video footage of Hoffman's fall. Though grainy, the videos indicate that Hoffman simply missed her step as she came down the last few stairs.

Hoffman sought compensation from Target's third-party claims administrator, Sedgwick. Sedgwick denied her claim on the ground that neither Target nor its employees negligently caused Hoffman's fall.

Hoffman subsequently hired an individual named David Melo to examine the staircase. Melo found that the staircase largely complied with the Massachusetts state building code, but that the handrail next to the stair potentially violated that code because it was an open guard[2] with no balusters[3] underneath the handrail. At the time

---

[1] Hoffman subsequently died of an unrelated gastrointestinal condition. This suit is carried on by her estate.

[2] As used here, the term "guard" refers to a "contrivance of metal, wood, or other material, made . . . to prevent accidents by falling, etc." "guard, n.," OED Online, http://www.oed.com/view/Entry/82132 (last visited July 11, 2013).

[3] The term "balusters" refers to the "upright posts or rails which support the handrail, and guard the side, of a staircase." "baluster, n.," OED Online, http://www.oed.com/view/Entry/15068 (last visited July 11, 2013).

the Target was built, the Massachusetts building code required open guards in stores to "have balusters or be of solid material such that a sphere with a diameter of four inches (102mm) cannot pass through any opening." 780 Mass. Code Regs. § 1021.3 (6th ed. 2006) (expired 2009).

Hoffman claims that JMBA and Target were negligent for building and operating a store with a staircase that was not built to code. She also claims that Sedgwick is liable for unfair and deceptive business practices in denying her claim for compensation.

## II.   Legal Standard

Summary judgment will be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court must view the record in the light most favorable to the nonmovant and draw all justifiable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). If the evidence presented would allow a reasonable jury to return a verdict for the nonmovant, summary judgment must be denied. Id. at 248.

## III.   Analysis

To succeed on her claims against JMBA and Target, Hoffman must prove "the familiar elements of negligence, including duty, breach, causation, and harm." Katz v. Pershing, LLC., 672 F.3d 64, 75 (1st Cir. 2012); see Ulwick v. DeChristopher, 582 N.E.2d 954, 958 (Mass. 1991). She has failed to produce any evidence of either breach or causation, meaning her claim must fail.

As to breach: Hoffman claims JMBA and Target breached their duty to her by

3

failing to take due care to prevent her from falling down the staircase. Her only evidence that JMBA and Target were negligent is her assertion that the lack of balusters violates the state building code. "[V]iolation of a statute or regulation . . . constitutes evidence of negligence," of course, but only as to "consequences that the statute or regulation <u>was intended to prevent</u>." <u>Matteo v. Livingstone</u>, 666 N.E.2d 1309, 1311 (Mass. App. Ct. 1996); <u>see also</u> <u>Juliano v. Simpson</u>, 962 N.E.2d 175, 180 (Mass. 2012). Here, the Massachusetts building regulations clearly indicate that the purpose of requiring guards and balusters in a "guardrail system . . . located near the open sides of elevated walking surfaces" is to "minimiz[e] the possibility of an accidental fall from the walking surface to the lower level." 780 Mass. Code Regs. § 1021.1 (6th ed. 2006) (expired 2009). In other words, the safety regulation requiring balusters was intended to prevent Hoffman from falling off the side of the staircase to the floor. It was not intended to prevent her from slipping on a step and falling down the staircase. <u>Cf.</u> <u>Matteo</u>, 666 N.E.2d at 1311 ("[W]hen building regulations . . . prescribe protective walls or rails, the consequence they are designed to prevent is that a person will fall off accidentally.") But as described above, "violation of a regulation is relevant to the question of negligence only if the risk that materialized was within the contemplation of the regulation." <u>Id.</u> at 1312; <u>see also</u> Restatement (Second) of Torts § 286(c)-(d) (West 2012). So the asserted violation might be evidence that JMBA and Target failed to use due care to keep Hoffman from falling <u>off</u> the staircase; but it is not evidence that they failed to use due care to keep Hoffman from falling <u>on</u> the staircase. Because Hoffman has produced no evidence to show that JMBA and Target were negligent in failing to

4

prevent the accident that actually occurred, her claims against them cannot survive.

Hoffman's causation problem is similar. "The general rule is that one cannot be held liable for negligent conduct unless it is causally related to injury of the plaintiff." Wainwright v. Jackson, 195 N.E. 896, 897 (Mass. 1935). Here, Hoffman claims that JMBA and Target were negligent because they failed to place balusters along the side of the staircase. But she has presented no evidence to show she would not have fallen, or her injuries would have been less severe, if balusters had been in place. This failure to show causation independently dooms Hoffman's negligence claims.

Finally, Hoffman concedes in her opposition that she cannot succeed on her claim against Sedgwick. That concession makes summary judgment in Sedgwick's favor appropriate as well.

## IV.  Conclusion

Defendants' motions for summary judgment (Docket ## 35, 38) are ALLOWED. Judgment shall enter accordingly.


   July 12, 2013                                 /s/Rya W. Zobel

       DATE                                   RYA W. ZOBEL
                                              UNITED STATES DISTRICT JUDGE